GAZES LLC
151 Hudson Street
New York, New York 10013
(212) 765-9000 (Phone)
(212) 765-9675 (Fax)
Ian Gazes, Esq.
David Dinoso, Esq.
*Attorneys for the Interim Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                          :
                                                :        Chapter 7
A.N. FRIEDA DIAMONDS, INC.,                     :
                                                :        Case No. 15-11862-mew
                                                :
                        Alleged Debtor.         :        (Involuntary)
                                                :
-------------------------------------------------------x

### INTERIM TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. § 542(a) FOR AN ORDER DIRECTING RONI RUBINOV AND NEW LIBERTY PAWNSHOP, INC. TO TURNOVER AND ACCOUNT FOR PROPERTY OF THE ESTATE

TO:    THE HONORABLE MICHAEL E. WILES
       UNITED STATES BANKRUPTCY JUDGE

Ian J. Gazes, the interim chapter 7 trustee (the "Interim Trustee") of the estate of A.N. Frieda,

Inc. (the "Alleged Debtor"), submits this motion (the "Motion") for an order, substantially in the form

annexed hereto as Exhibit "A" (the "Proposed Order"), directing Roni Rubinov and New Liberty

Pawn Shop, Inc. to (a) turn over to the Interim Trustee any property of the Alleged Debtor in their

possession, custody or control and (b) provide an accounting to the Interim Trustee of the disposition

of any such property, and respectfully represents as follows:

### I.  JURISDICTION, VENUE, AND STATUTORY PREDICATES FOR RELIEF

1.       This Court has jurisdiction over this matter under sections 157(a)(b)(1) and 1334

of title 28 of the United States Code, 28 U.S.C. §§ 157(a)(b)(1) and 1334, and the and the Standing

Order of Reference of Chief Judge Loretta A. Preska dated January 31, 2012.  This Motion is a core proceeding under section 157(b)(2)(A) and (E) of title 28 of the United States Code.  28 U.S.C. § 157(b)(2)(A) and (E).

2.       Venue of this proceeding in this district is proper pursuant to section 1408 of title 28 of the United States Code.  28 U.S.C. § 1408.

3.       The predicates for the relief sought herein are sections 105, , 541, 542(a), 701(c), and 704(a)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").  11 U.S.C. §§ 105, 541, 542(a), 701(c) and 704(a)(1).

## II. <u>BACKGROUND</u>

4.       On July 16, 2015, certain petitioning creditors (the "Petitioning Creditors") commenced this case by filing an involuntary petition against the Alleged Debtor under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5.       On August 5, 2015, the Court entered an order directing the appointment of an interim trustee (the "Trustee Order") which, among other things, provides:

> **ORDERED**, that pending the Hearing, the Interim Trustee shall take possession of all the property of the Alleged Debtor's estate herein, and the Alleged Debtor and any other person or persons are hereby ordered to deliver forthwith to said Interim Trustee all of the property of the estate of whatsoever nature and description in the possession or control of said Alleged Debtor or any other person.

6.       On August 6, 2015, the United States Trustee appointed Ian J. Gazes to serve as Interim Trustee in the case.

7.       On August 14, 2015, the Court entered a supplemental order (the "Supplemental

Order"), which, among other things, provides:

> **ORDERED**, that any third party including, without limitation, Roni Rubinov, is directed to turnover to the Interim Trustee or his designee at the Interim Trustee's direction, any Assets in such third party's possession, custody or control.

8.     The Interim Trustee has been advised that Roni Rubinov ("Rubinov"), an individual, operates a wholesale jewelry business at the IGT Jewelry Shopping Mall located at 44 W 47th St, New York, New York.  The Interim Trustee has been further advised that Rubinov operates New Liberty Pawn Shop, Inc. ("New Liberty") located 67 W. 47th St., New York, NY.

9.     The Alleged Debtor asserts that Rubinov is in possession, custody or control of certain precious gems (the "Rubinov Assets"). *See* Exhibit "B" hereto.

10.     Through Rubinov's attorneys, Gotlin & Jaffe, Rubinov has received notice of the Alleged Debtor's bankruptcy case, the Trustee Order and the Supplemental Order.  In response, Rubinov, through counsel, states, in sum and substance, that any property of the Alleged Debtor was pledged to Rubinov to secure the repayment of loans to the Alleged Debtor, that the Alleged Debtor did not repay those loans, and that Rubinov has already sold the Alleged Debtor's property to satisfy the overdue loans.  As a result, Rubinov has no obligation to turnover anything to the bankruptcy estate.

11.     Based on the foregoing, the Interim Trustee advised Rubinov's counsel that he would have to provide an accounting to the Interim Trustee regarding the disposition of the Alleged Debtor's property and further advised that Valley National Bank asserts a first priority, perfected security interest in substantially all of the Alleged Debtor's assets.   As of the date of

this Motion, the Interim Trustee has received no response from Rubinov.

### III. <u>ARGUMENT</u>

12.     Section 542(a) of the Bankruptcy Code provides that an entity in possession, custody, or control of property that the trustee may dispose of under section 363 of the Bankruptcy Code, "shall deliver to the trustee, and account for, such property or the value of such property…" 11 U.S.C. § 542(a).  In addition, the Trustee and Supplemental Orders unequivocally require any third party in the possession, custody or control of estate property to immediately turn over such property to the Interim Trustee.  Based on the foregoing, the Interim Trustee respectfully requests that the Court enter the Proposed Order directing Rubinov and New Liberty to immediately turn over any property of the Alleged Debtor in its possession, custody or control to the Interim Trustee and to account for any disposition of such property including any proceeds thereof.

### IV. <u>NOTICE</u>

13.     Pursuant to Local Bankruptcy Rule 9006-1b, the Trustee has provided fourteen (14) days advance notice of this Motion by first class mail to the Office of the United States Trustee, counsel to the Alleged Debtors, counsel to the Petitioning Creditors, all parties that who have filed a notice of appearance, Roni Rubinov at his business address, Rubinov's counsel, and New Liberty.

## <u>CONLCUSION</u>

**WHEREFORE,** the Trustee requests that the Court enter the Proposed Order attached

hereto as Exhibit "A", and grant the relief requested herein and such further relief as is just and

proper.

Dated: New York, New York　　　　　GAZES LLC
　　　　September 2, 2015

　　　　　　　　　　　　　　　　By: /s/ Ian J. Gazes_____
　　　　　　　　　　　　　　　　　　Ian J. Gazes
　　　　　　　　　　　　　　　　151 Hudson Street
　　　　　　　　　　　　　　　　New York, New York 10013
　　　　　　　　　　　　　　　　(212) 765-9000

　　　　　　　　　　　　　　　　*Attorneys for the Interim Chapter 7 Trustee*