Leo Fox, Esq.
630 Third Avenue
18th Floor
New York, New York 10017
(212) 867-9595

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                          Chapter 7

    A.N. FRIEDA,                                                      Case No. 15-11862 (MEW)

                    Debtor.
------------------------------------------------------------X
MATTHEW C. HARRISON, JR.,

              Trustee-Plaintiff,

    -   against   -                                                     Adv. Pro. No. 16-_____ (MEW)

5 STAR TRAVEL INC.,

              Defendant.
------------------------------------------------------------X

### COMPLAINT TO AVOID TRANSFERS PURSUANT TO
### 11 U.S.C. §547 AND TO RECOVER PROPERTY
### TRANSFERRED PURSUANT TO 11 U.S.C. §550

      Matthew C. Harrison, Jr., Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the above Debtor (the "Debtor", the "Estate" and/or "Frieda"), Plaintiff in this adversary proceeding, by his undersigned attorney, in support of this Complaint to avoid and recover preferential transfers against the above Defendant, hereby alleges upon information and belief that:

### NATURE OF THE CASE

      1.    This Complaint seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt made to or for the benefit of the Defendant by the Debtor during the ninety (90) day period prior to the commencement of the Debtor's bankruptcy

case under 11 U.S.C. §§ 547 and 550. To the extent that the Defendant has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated and not contingent, or has otherwise requested payment from the Debtor or the Estate (collectively, the "Claim"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Trustee's right to object to such Claim for any reason, including, but not limited to, under Section 502(a) through (j) of the Bankruptcy Code ("Section 502") or to seek to commence any other actions against the Defendant which the Trustee believes to be appropriate and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by the Trustee herein as further stated below.

## JURISDICTION

2.  This Court has subject matter jurisdiction over this adversary proceeding, which arises under Title 11, arises in, and relates to the Debtor's case under title 11, in the United States Bankruptcy Court for the Southern District of New York, Case No. 15-11862 (MEW) pursuant to 28 U.S. C. §§ 157 and 1334(b).

3.  The claims and causes of action set forth herein concern the determination, allowance, and amount of the claims under 11 U.S.C. §§ 502, 547 and 550. This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2).

4.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1409 in that this proceeding arises in and relates to a bankruptcy case pending in the district and the claims alleged herein arose in this district.

## BACKGROUND

5.    On July 16, 2015 (the "Petition Date"), a Petition under Chapter 7 of the Bankruptcy Code was filed against the Debtor in the United States Bankruptcy Court for the Southern District of New York and on September 9, 2015 an Order for Relief was granted. Matthew C. Harrison, Jr. is the duly elected and appointed Trustee for the Bankruptcy Estate of the Debtor.

6.    Upon information and belief, 5 Star Travel Inc., is an entity with a place of business located at 1207 49th Street, #6, Brooklyn, New York 11219.

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preference Transfers – 11 U.S.C. § 547)**

7.    The Plaintiff hereby incorporates all preceding paragraphs as if fully re-alleged herein.

8.    On or within ninety (90) days prior to the Petition Date (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier's checks, wire transfers or otherwise to certain entities, including the Defendant.

9.    The Trustee has determined the total amount paid to the Defendant by the Debtor during the Preference Period is not less than $8,541.00 (the "Transfers"), as set forth in the copies of the cashed checks of the Debtor attached hereto as ("Exhibit A").

10.    During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period. It is the Trustee's intention to avoid and recover all transfers made by the Debtor for the benefit of the Defendant or any other transferee. The Trustee reserves his right to amend this Complaint to include (i) further information on the Transfers listed on Exhibit A, (ii) information regarding

additional Transfers, (iii) revision of the Defendant's name, (iv) additional defendants and/or (v) additional causes of action including, but not limited to, under 11 U.S.C. §§ 542, 545, 548 and 549 (collectively that "Amendments") that may become know to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

11. On information and belief, the Defendant was a creditor of the Debtor at the time of the Transfers within the meaning of 11 U.S.C. § 101(10)(A).

12. The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by the Debtor to the Defendant.

13. The Transfers were for or on account of antecedent debts owed by the Debtor before such transfers were made.

14. The Debtor was insolvent at all times during the ninety (90) days prior to the Petition Date.

15. As a result of the Transfers, the Defendant received more than it would have received in this case under Chapter 7 of the Bankruptcy Code if (i) the Transfers had not been made and (ii) the Defendant received payment of such antecedent debts under the provisions of the Bankruptcy Code.

16. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b).

## COUNT II
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

17. The Plaintiff hereby incorporates all preceding paragraphs as if fully re-alleged herein.

18. The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

19. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from the Defendant the Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT III
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

20. The Plaintiff hereby incorporates all preceding paragraphs as if fully re-alleged herein.

21. The Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code and is a transferee of Transfers avoidable under Section 547 and 548 of the Bankruptcy Code.

22. The Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under Section 550 of the Bankruptcy Code.

23. Upon information and belief, the Defendant, and/or its assignee, has filed a Claim against the Estate.

24. Pursuant to 11 U.S.C. § 502(d) and § 502(j), any and all Claims of the Defendant against the Debtor and the Estate must be disallowed until such time as the Defendant pays to the Trustee an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

## PRAYER FOR RELIEF

*WHEREFORE*, the Trustee requests that this Court grant it the following relief against the Defendant:

1. Avoiding the Transfers described above as preferences under 11 U.S.C. § 547(b).

2. Granting judgment in favor of the Trustee against the Defendant in an amount of $8,541.00.

3. Requiring the Defendant immediately pay this amount to the Trustee pursuant to Section 550(a) of the Bankruptcy Code.

4. Disallowing any claims of the Defendant, and/or their assignee, if they refuse to turn over any transfers to the Trustee pursuant to Section 502.

5. Awarding pre-judgment and post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs.

6. Granting the trustee such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 24, 2016

Respectfully submitted,

MATTHEW C. HARRISON, JR.
Chapter 7 Trustee

By: /s/ Leo Fox
Leo Fox, Esq.
Attorney for Trustee-Plaintiff
630 Third Avenue
18th Floor
New York, New York 10017
(212) 867-9595
(212) 949-1857
leofox1947@aol.com

# EXHIBIT A

|  |  | **5 Star Travel** |  |  |
|  |  | **Cleared** |  |  |
| **Number** | **Payee** | **Bank** | **Ck #** | **Amount** |
| M1 | 5 Star Travel | 5/26/2015 | 16217 | 4,258.00 |
| M2 | 5 Star Travel | 6/2/2015 | 16405 | 4,283.00 |

M1 M2



Check#:16217, Amount:$4,258.00, Date:5/26        Check#:16405, Amount:$4,283.00, Date:6/2