Leo Fox, Esq.
*Attorney for the Chapter 7 Trustee*
630 Third Avenue – 18th Floor
New York, New York 10017
(212) 867-9595
leo@leofoxlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IN RE:

A.N. FRIEDA DIAMONDS, INC.,

                                    Debtor.
------------------------------------------------------------------X

Case No.: 15-11862 (MEW)
Chapter 11

## NOTICE OF MOTION FOR APPROVAL UNDER RULE 9019 OF THE RULES OF BANKRUPTCY PROCEDURE OF STIPULATION AND ORDER OF SETTLEMENT BETWEEN MATTHEW C. HARRISON, JR. AND RONI RUBINOV, NEW LIBERTY PAWN SHOP INC. SIVAN RUBINOV, ESTER MALCA RUBINOV a/k/a ESTHER RUBINOV AND SIVAN R. GOLD LLC

***PLEASE TAKE NOTICE*** that upon the annexed Application of Matthew C. Harrison, Jr.,

Chapter 7 Trustee, the undersigned shall move on September 13, 2022 at 10:00 a.m. in the forenoon

before the Honorable Michael E. Wiles, United States Bankruptcy Judge in his Courtroom, United

States Bankruptcy Court, One Bowling Green, New York, New York for an Order approving the

annexed Stipulation settling judgment hold by the Trustee against Roni Rubionv, New Liberty

Pawn Shop, Inc.  and the dispute against Sivan Rubinov, Ester Malca Rubionv and their company

Sivan R. Gold LLC and for such other and further relief as is proper.

***PLEASE TAKE FURTHER NOTICE*** that the Hearing will take place by Court Solutions

Appearances.  All participants must register with Court Solutions at least two (2) days prior to the

hearing.

***PLEASE TAKE FURTHER NOTICE*** that objections, if any, to the relief sought shall be in writing and filed and served in accordance with the Federal Rules of Bankruptcy Procedure and S.D.N.Y. Local Rules and shall be served by first class mail so as to be received by 12:00 p.m. seven days before the return date of this motion upon (i) Leo Fox, Esq., counsel to the Debtor, 630 Third Avenue, 18th Floor, New York, New York 10017, (ii) the United States Trustees office, 201 Varick Street, Suite 1006, New York, New York 10014, together with proof of service thereof and (iii) filed with the Court electronically (with a courtesy copy delivered to Chambers).

Dated: New York, New York
      August 17, 2022

Yours etc.,

**MATTHEW C. HARRISON, JR.**
**Chapter 7 Trustee**

By:    */s/ Leo Fox*
      Leo Fox, Esq.
      *Attorney for the Chapter 7 Trustee*
      630 Third Avenue, 18th Floor
      New York, New York 10017
      (212) 867-9595
      leo@leofoxlaw.com

Leo Fox, Esq
*Attorney for the Chapter 7 Trustee*
630 Third Avenue – 18th Floor
New York, New York 10017
(212) 867-9595
leo@leofoxlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                   Chapter 7

A.N. FRIEDA DIAMONDS INC.,                               Case No. 15-11862 (MEW)

                              Debtor.
-----------------------------------------------------------X

### APPLICATION IN SUPPORT OF ORDER APPROVING STIPULATION OF SETTLEMENT BETWEEN MATTHEW C. HARRISON, JR. AND RONI RUBIONV AND NEW LIBERTY PAWN SHOP INC., SIVAN RUBINOV, ESTER MALCA RUBINOV a/k/a ESTHER RUBINOV AND SIVAN R. GOLD LLC

Matthew C. Harrison, Jr. the Chapter 7 Trustee (the "*Trustee*") of the above captioned case, by Leo Fox, as and for his application (the "*Application*") for the issuance and entry of the order approving the Stipulation of settlement dated August 8, 2022 (*Exhibit A*) represents as follows.

### BACKGROUND

1.      An involuntary petition was filed on July 16, 2015 under Chapter 7, Title 11 of the United States Code (the "*Bankruptcy Code*").

2.      The Court entered an order for relief on September 9, 2015 (ECF# 41).   On November 16, 2015, Matthew C. Harrison, Jr., accepted the appointment as permanent Chapter 7 Trustee (ECF# 69).   On November 19, 2015, the Bond for the permanent trustee was filed and continually updated (ECF # 73 and 225) and Matthew C. Harrison, Jr. is acting as permanent Trustee.

3.      On August 2, 2017, the Trustee commenced an Adversary Proceeding (Adv. Proc No. 17-01103 (MEW) ("*Adversary Proceeding*")) against Roni Rubinov ("*Rubinov*") his

3

company New Liberty Pawn Shop Inc. ("*New Liberty Pawn*") and others seeking, among other things, avoidance of certain transfers by the Debtor to Rubinov and New Liberty Pawn. On October 2, 2017, secured creditor, VNB New York LLC ("*VNB*") was permitted to intervene in the Adversary Proceeding. On October 9, 2017, VNB asserted claims against Rubinov and New Liberty Pawn. On April 24, 2020, the Court approved a Stipulation between VNB. and the Trustee's Estate which provided, among other things, for VNB to assign its secured claims to the Estate for consideration. On April 29, 2020, the Court issued a Decision and Order granting judgment in the amount of $1,242,722 against Rubinov and New Liberty Pawn (Adv. Proc. - ECF # 160). Thereafter, the Trustee retained Special Litigation Collection Counsel and proceeded to seek collection of the judgment. A series of documents and deposition demands were served upon and objected to by Judgment defendants. The Estate was able to collect the sum of $167,000 from the bank accounts of New Liberty Pawn.

4.    Rubinov appealed the Decision of this Court to the United States District Court. On September 30, 2021, the District Court of the Southern District of New York (Index # 20-04008 (MKV)) approved and affirmed this Court's ruling in every respect. Rubinov and New Liberty Pawn then appealed to the Second Circuit of Appeals. That appeal is pending and is scheduled for argument on September 22, 2022.

5.    As a result of extensive research, the Trustee, by Litigation Counsel, learned that two (2) condominium units were in the name of Rubinov's wife, Sivan Rubinov and Rubinov's daughter, Ester Malca Rubinov. The Trustee believed that the said units were purchased with funds fraudulently conveyed from Rubinov to his wife.

6.    On or about July 14, 2021, the Trustee commenced a fraudulent conveyance action against Sivan Rubionv, Ester Malca Rubinov and an entity they controlled Sivan Gold, LLC in

the United States District Court for the Eastern District of New York (Index No. 21-cv-3993).

7.    Specifically, the claim in the fraudulent conveyance action is that Rubinov issued two (2) checks to his wife, Sivan Rubinov, totaling approximately $400,000. However, the amount was contested by the Defendants who claimed that only one (1) of the checks, for approximately $200,000, was deposited and cleared with the Bank and further that consideration was given for the transfer.

8.    The Defendants in the fraudulent conveyance action defended every single claim in the District Court Complaint at every stage. Litigation has been very extensive and several rulings have gone against the Trustee. Indeed, the Trustee was unable to obtain a preliminary injunction against further transfer of the two (2) condominium units due to the claims by the Defendants.

9.    The Trustee was able to get to the point where the Court permitted the Trustee to make a motion for default judgment, but Defendants would still be able to contest the merits and amount of damages in the fraudulent conveyance action.

## THE SETTLEMENT TERMS

10.    The Trustee, Rubinov, New Liberty Pawn and the Defendants agreed to a global settlement of the Judgment and the fraudulent conveyance action. The terms are that the Trustee keeps the funds previously executed in the amount of $167,000, Rubinov withdraws his appeal of the Judgment and the Defendants in the fraudulent conveyance action pay an additional $475,000 for a total to the Estate of approximately $642,000 to be paid by August 30, 2022. The Trustee will exchange releases with Rubinov, New Liberty Pawn, his wife, his daughter and their company.

## THE SETTLEMENT IS FAVORABLE TO THE ESTATE

11.     This settlement of the Judgment and Fraudulent Conveyance Action is a favorable result for the Estate, especially given the uncertainty of collection and litigation.  On the issue of the fraudulent conveyance action, there were issues of disputed fact which would need to be resolved in favor of the Trustee concerning the amounts of the transfers and whether the Defendants advanced consideration for the transfer.  As noted, the Court had initially ruled against an injunction on what the Trustee's litigation counsel believed to be a clear case in favor of an injunction.  There were questions regarding the amounts of any secured indebtedness which existed on the condominium units and whether there existed any other defenses which could have precluded a recovery.  There was a risk to continue to litigate in that the Trustee might obtain substantially less than what was litigated for or nothing if there was a Defendants' verdict.

12.     Furthermore, Rubinov has proceeded with an Appeal of the Judgment, which, if overturned, unlikely as it was, would eliminate the Judgment entirely.   While this Court's Judgment was affirmed, on appeal, to the District Court, Rubinov had appealed to the Second Circuit.  There was a risk that the Judgment would be entirely vacated.  It is clear that the Estate would bear additional administrative expense in defending the Appeal.

13.     As noted, the Trustee's Litigation Counsel could not locate any other assets which could be recovered.

14.     In connection with a criminal matter involving Rubinov, who was recently charged with substantial criminal acts, there was a risk of non-payment of the existing Judgment.

15.     Here, the real issue on the wisdom of the compromise is the collectability of the Judgment.  There are serious factors which bear on ever collecting the Judgment.  The Trustee's Litigation Counsel, whose retainer is based on a contingency and who would stand to collect a

percentage of all sums recovered by the Trustee, indicated his approval of the proposed settlement. The Trustee has made his decision, in the exercise of his discretion, to settle this matter.

16.    Therefore, this settlement, at this point, is highly beneficial to the Estate.

## BASIS FOR THE RELIEF REQUESTED

10.    Rule 9019(a) of the Bankruptcy Procedure governs the approval of compromises and settlements, and provides in pertinent part, as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

11.    In approving a compromise or settlement, the Bankruptcy Court is required to make an "informed and independent judgment" as to whether the compromise or settlement is fair and equitable based on an:

> [educated estimate of the complexity, expense and likely duration of litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process, in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425, reh'g denied, 391 U.S. 909 (1968). *Accord American Can Co. v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d, 605, 607 (5th Cir. 1980); *Chopin Assoc. v. Smith (In re Holywell Corp.)*, 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988); *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1998); *In re Bell & Beckwith*, 77 B.R. 606, 611 (Bankr N.D. Ohio), aff'd, 87 B.R. 472 (N.D. Ohio 1987). *See also, Magill v. Springfield Marine Bank (In re Heissinger Resources Ltd.)*, 67 B.R. 378, 383 (C.D. Ill. 1996) ("the law favors compromise").

12.    In reviewing the proposed settlement, the Court should consider whether the proposed compromise is in the "best interest of the estate". *Depo v. Chase Lincoln First Bank, N.A. (In re Depo)*, 77 B.R. 381, 383 (N.D.N.Y. 1997) ("*Depo*"), *aff'd*, 863, F.2d, 45 (2nd Cir. 1998). Moreover, the "approval of [a] proposed compromise and settlement is a matter of this Court's sound discretion." *Arrow Air, Inc.*, supra, 85 B.R. at 891. However, the Bankruptcy Court "does not substitute its judgment for that of the Trustee." *Depo*, *supra*, 77 B.R. at 384.

13.    Nor is the Bankruptcy Court "to decide the numerous questions of law and fact raised by [any objectors] but rather to canvas the issues and see whether the settlement falls below the lowest point in the range of reasonableness." See *Osoff v. Rodman*, 699 F.2d 599, 608 (2nd Cir.), cert. denied, 465 U.S. 822 (1983), quoting *Newman v. Stein*, 464 F.2d 689, 693 (2nd Cir.), cert. denied, 409 U.S. 1039 (1972). *Chopin Assoc. v. Smith*, *supra*, 93 B.R. at 194 ("In order to exercise this discretion properly, the Court must consider all the relevant facts and evaluate whether the compromise suggested falls below the 'lowest point in the range of reasonableness'", quoting *In re Teltronics Services, Inc.*, 762 F.1d 185, 189 (2nd Cir. 1985). Furthermore, in passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the trustee ... the parties and their counsel." *In re Bell & Beckwith*, *supra*, 77 B.R. at 611.

14.    The factors to be considered by the Court in determining whether to approve a settlement include:

(1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law;

(2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and

(3) all factors bearing on the wisdom of the compromise.

*Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390

U.S. 414, 424-425.

17.    The facts here fall within the legal standard for approving the settlement described in the Stipulation.  No prior request for the relief sought herein has been made to this or any other Court.

18.    This motion presents no novel or complex legal issues, the law has been cited herein and the Trustee requests that the Court waive the requirements of to submit a separate memorandum of law.

19.    The Trustee believes that the settlement is in the best interest of the estate and that this Court should authorize the transactions outlined herein.

*WHEREFORE*, the Trustee respectfully requests that this Court enter an order approving the settlement with the Defendants and granting such other and further relief as this Court deems proper.

Dated: New York, New York
         August 17, 2022

Yours, etc.

*Matthew C. Harrison, Jr.*
*Chapter 7 Trustee*

*/s/ Leo Fox*
Leo Fox, Esq.
*Attorney for the Chapter 7 Trustee*
630 Third Avenue – 18th Floor
New York, N.Y. 10017
(212) 867-9595
leo@leofoxlaw.com

# *EXHIBIT A*

Case 1:21-cv-03993-DG-PK    Document 44    Filed 08/15/22    Page 1 of 4 PageID #: 231

UNITED STATES DISTRICT COURT                              Case No. 21-cv-3993 (DG)(PK)
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MATTHEW C. HARRISON, JR.,

                                         Plaintiff,       **STIPULATION OF**
                                                          **SETTLEMENT**

                 -against-

SIVAN RUBINOV, ESTER MALCA RUBINOV a/k/a
ESTHER RUBINOV, and SIVAN R GOLD LLC,

                                         Defendants.
-------------------------------------------------------------------X

        IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as

follows:

        1.      On or before August 30, 2022, Defendants shall deposit into the escrow account of

Plaintiff's counsel, Vlock & Associates, P.C., by bank wire transfer only, the sum of $475,000.00

("Settlement Amount"), time being of the essence.  Plaintiff's counsel shall hold the Settlement

Amount in escrow in accordance with the terms set forth below.  Wire transfer instructions will be

provided to Defendants' counsel upon execution of this Stipulation.

        2.      Roni Rubinov and New Liberty Pawn Shop, Inc. hereby withdraw and discontinue

all appeals from the Judgment in favor of Plaintiff and against Roni Rubinov and New Liberty

Pawn Shop, Inc., entered in the Bankruptcy Court for the Southern District of New York, in the

Chapter 7 case entitled "In re A.N. Frieda Diamonds, Inc.," Case No. 15-11862 (MEW) and/or the

related Adversary Proceeding entitled "Matthew C. Harrison, Jr. v. Ronen Konfino, et al.," Adv.

Proc. No. 17-1103 (MEW) (the "Bankruptcy Case").  Plaintiff's counsel may make an immediate

application to or otherwise inform the Court of the withdrawal of the appeal(s).

    a) The Stipulation of Settlement is a global resolution of all issues/causes of actions, asserted or could have been asserted, and/or judgments by Plaintiff, on the one hand, and any of the Defendants herein or any of the additional undersigned parties to this Stipulation of Settlement, on the other hand.

    b) Upon clearance of the Settlement Amount, approval of this Stipulation by the Bankruptcy Court and completion of the respective parties' obligations herein, Plaintiff and each of the undersigned parties, hereby release and forever discharge each other from any and all claims that were asserted or could have been asserted in this case, the Bankruptcy Case and/or the related Adversary Proceeding Case. For avoidance of doubt, the claims and obligations in this Stipulation of Settlement are not released by the foregoing.

    c) The Parties hereto shall execute documents reasonably necessary to effectuate the terms of this Stipulation, if requested by the other parties.

3.    In the event that Defendants fail to fully and timely deposit the Settlement Amount in escrow as set forth above, Defendants waive all defenses to the Complaint herein, Defendants consent to the entry of a Judgment against Defendants for the sum of $475,000.00 plus attorneys' fees in the sum of $80,000.00, and Plaintiff may request entry of Judgment upon letter motion to the Court filed via ECF.

4.    This Stipulation is subject to approval by the Bankruptcy Court in the Bankruptcy Case and shall not become effective unless and until the Bankruptcy Court enters an Order

approving this Stipulation ("Approval Order") and such order becomes a final order. Plaintiff will cause a motion to be filed in the Bankruptcy Court seeking approval of this Stipulation within ten (10) business days after this Stipulation is fully executed.

5.    In the event that the Bankruptcy Court denies the motion to approve this Stipulation, this Stipulation shall be void *ab initio*, the parties hereto shall retain all of their claims and defenses as if this Stipulation had never been executed, and Plaintiff's counsel shall turn over the Settlement Amount held in escrow to Defendants' counsel.

6.    Upon (a) full and timely payment of the Settlement Amount to Plaintiff's counsel; and (b) the Approval Order becoming a final order: (i) this action shall be deemed discontinued with prejudice; and (ii) Plaintiff shall cause to be filed a satisfaction of the Judgment in favor of Plaintiff and against Roni Rubinov and New Liberty Pawn Shop, Inc., entered in the Bankruptcy Case.

7.    This Court shall retain jurisdiction to reopen and adjudicate this action in the event that the Approval Order does not become a final order, or in the event of default under the terms of this Stipulation.

8.    This Stipulation contains the entire understanding of the parties hereto, has been bargained for at arm's length, and any ambiguity existing herein, if any, shall not be construed against any party hereto.

9.    This Stipulation cannot be terminated, modified, or supplemented, except by a writing signed by all parties hereto.

10.    The undersigned represent and warrant that they have full authority to execute this Stipulation on behalf of their respective party or client.

11.   An electronic copy of this Stipulation and the signatures hereon shall be deemed

original for all purposes, and this Stipulation may be executed in counterparts.

Dated:    New York, New York
          August 8, 2022

_Stephen Vlock_
VLOCK & ASSOCIATES, P.C.
Attorneys for Plaintiff
630 Third Avenue, 18th Floor
New York, New York 10017
(212) 557-0020
By: Stephen Vlock, Esq.
svlock@vlocklaw.com

SIVAN RUBINOV

ESTER MALCA RUBINOV a/k/a ESTHER
RUBINOV

SIVAN K GOLD LLC
By: Sivan Rubinov

Attorneys for Defendants
Doshi Legal Group P.L.
1979 Marcus Avenue, Suite 210E
Lake Success, NY 11042
Tel: 516-622-2335
amish@doshilegal.com

RONI RUBINOV

NEW LIBERTY PAWN SHOP, INC.
By: Roni Rubinov

SO ORDERED:

_Peggy Kuo_
UNITED STATES  MAGISTRATE JUDGE